HEINS, Appellant, v. BAXTER.

Division Two, June 26, 1899.

Appellate Practice: NO EXCEPTIONS: EJECTMENT. Where no exceptions are saved to any proposition of law in an ejectment suit, and no declarations of law were given or refused, and there is ample evidence to justify the finding of the trial court, the case will be affirmed.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

CHARLES J. WRIGHT for appellant.

SEBREE & FARRINGTON for respondent.

GANTT, P. J.—Ejectment for seven feet of land in the city of Springfield. The answer is a general denial, ten years adverse possession in defendant and those under whom she claims, and a special plea averring a mistake in the description of the lots out of which the litigation grows.

Replication contained a general denial of new matter.

The facts are that in 1883 George Robinson was the owner of about three acres of land fronting on Elm street in

Springfield. He divided this land into different lots, each having seventy-five feet front, beginning at the west end of the tract on Elm street. He put up fences dividing the lots; the first lot on the west end he sold to John Griffith in 1883, the second to plaintiff Heins in 1885, and the third adjoining Heins's lot he occupied himself until 1887 when he conveyed it to Kirk Baxter, Sr., the husband of the defendant.

The plaintiff bought his lot after the other two were improved and the fences built; that is, fences inclosed it on three sides. No doubt can exist after reading the whole testimony that all parties thought the fences were on the true lines, or that it was Robinson's intention to convey plaintiff only seventy-five feet front and that according to the fences and the actual possession of plaintiff he has had seventy-five feet continuously since he obtained his deed and that if he should recover he will get nearly seven feet more land than he bought.

Regarding the fences as the true line Mr. Baxter built a drive-way on his side of the fence and plaintiff built a similar one just on the other side, on his premises. No claim was ever made by plaintiff until a survey disclosed an error in the starting point. Plaintiff's claim is that they each claimed to the fence on the idea that it was the true line and not intending to claim anything beyond the true line, whereas defendant and her son testified that she claimed to the fence without reference to the true line.

The court on the 5th day of December, 1896, rendered judgment in favor of the defendant, and on said day filed a finding of facts and conclusions of law, a copy of which is as follows: "I find from the evidence that the east line of the land described in plaintiff's deed lies seven and one-half feet inside of defendant's inclosure, and that therefore defendant is in possession of the land sued for. I find that defendant and her ancestors in title have been in the open, notorious and continuous possession of the ground, claiming to own the same

for more than ten years without reference to where the true line was and is. This being the case, I hold that their holding was adverse, notwithstanding the further fact that they supposed the fence was on the true line. I therefore find for the defendant on the plea of the statute of limitations alone."

No declarations of law were given or refused.

That there was evidence supporting both theories can not be questioned.

Learned counsel for plaintiff himself tacitly concedes this by his assault on the evidence of young Baxter. The credibility of these witnesses was a question for the trial judge.

Having saved no exceptions to any proposition of law and there being ample evidence to justify the finding of the circuit court there is nothing for this court to review. The judgment was clearly for the right party and is affirmed. SHERWOOD and BURGESS, JJ., concur.